## BAINS v. PERRY et als.

1. CHANCERY PRACTICE. *Attachment. Order of Publication.* An order of publication in an attachment case in chancery which fails to show that the suit was by attachment of property is fatally defective, and a decree rendered thereon, without appearance of the defendant, is void.

2. SAME. *Same.* A judgment at law in a suit commenced by summons, and also by an original attachment sued out at the same time, is void when it appears that the summons was returned not found, and when the record fails to show, either by evidence embodied therein, or by an entry upon the docket or minute book, or by a recital in the judgment, that publication had been made under the attachment in accordance with the requirements of the statute.

**3. EJECTMENT.** *Statute of limitations. Laches.* In an ejectment bill, laches cannot be imputed to the complainant by any lapse of time short of that which would bar an action of ejectment at law.

**4. SAME.** *Accounts for rents, etc., allowed. When.* As an incident to the complainant's recovery of land in an ejectment bill, or bill to remove a cloud from the title, an account of the rents and profits received by the defendant, and of permanent improvements, will be ordered.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

BARTON, EARNEST and INGERSOLL for complainant.

A. J. BROWN and LUCKEY for defendants.

COOPER, J., delivered the opinion of the court.

The complainant seeks to set aside as fraudulent and void a decree against him in the Chancery Court, rendered in favor of W. F. Cox, and a judgment against him at law, recovered by defendant, Wm. Perry, and to remove the cloud upon his title to the land in controversy, occasioned by sales thereof under the decree and judgment, at which sales the defendant Perry became the purchaser. Stress is laid upon various matters by which the proceedings at law and in equity are sought to be impeached, and a large mass of testimony has been taken accordingly, but the validity of the proceedings on their face is necessarily involved, and forms the first subject for consideration. The bill of W. F. Cox was filed on September 9, 1865, and is an original attachment bill based upon the allegation that the defendant Bains "is a non-resident of

the State, or so absents or conceals himself that the
ordinary process of law cannot be served upon him.
The attachment was levied on the land in controversy
on October 10, 1865. The entries on the rule docket,
as well as the date attached to the order itself, namely,
September 15, show that the order of publication was
made before the levy of the attachment. The order
itself simply requires the defendant, being a non-resi-
dent of Tennessee, to appear at a given date. It does
not state the fact that a levy of the attachment had
previously been made, nor that the suit was by attach-
ment of property, nor does it anywhere use the word
attachment. Under the Code, secs. 3521, 3522, the pub-
lication should follow the levy of the attachment, and
even if it be not indispensable to recite the fact of
the levy, it should certainly show that the defendant
was required to appear and answer a suit commenced
by attachment of property. *Riley* v. *Nichols*, 1 Heis.,
16. The levy of the attachment and subsequent pub-
lication are in lieu of personal service of process, and
essential to give the court jurisdiction. *Ingle* v. *Mc-
Curry*, 1 Heis., 26. A decree rendered without these
pre-requisites is void, and the complainant is therefore
entitled to the relief sought, as against the decree
sought to be impeached. The action at law was com-
menced on the 14th of November, 1865, by original
summons returned not found, and by an original at-
tachment sued out at the same time, and there is
nothing in the record to show an election by the
plaintiff to proceed under one rather than under the
other. For, while the plaintiff has failed to sue out

an *alias* summons or an attachment under the Code, sec. 3466, he has equally failed, so far as the record shows, to make publication under the original attachment, in accordance with the provisions of the Code above quoted. There is no evidence embodied in the record, nor any entry upon a docket or minute book, nor any recital in the judgment, which shows that publication was made. The judgment is therefore void. Under an ejectment bill such as this is, laches cannot be imputed to the complainant by any lapse of time short of that which would bar his right to recover the land by ejectment at law. The complainant is entitled to the relief sought, and as incidental thereto, according to the well settled rule of equity to close the entire litigation, an account of the rents and profits since the defendant Perry has been in possession, the defendant to be allowed for taxes paid, and for the permanent enhancement of the value of the land at the surrender of the possession by reason of improvements made by him. The defendant Perry will pay the costs.